83,308-01

ExParte

Application for Writ of Habeas Corpus

STEDMON MONTREL DEWBERRY
(Name of Applicant)

From Bowie County

5th District Court
1ST SUPPLEMENTAL
TRIAL COURT WRIT NO. 11F0763-005-A
CLERK'S SUMMARY SHEET

DATE: 09-23-15
FILE IN WRIT FILE
BY: LAL

**APPLICANT'S NAME:** STEDMON MONTREL DEWBERRY
(As reflected in judgment)

**OFFENSE:** MURDER
(As reflected in judgment)

**CAUSE NO. :** 11F0763-005
(As reflected in judgment)

**PLEA:** GUILTY / NOT GUILTY / NOLO CONTENDERE   (CIRCLE ONE)

**SENTENCE:** 50 YEARS TDC
(Terms of years reflected in final judgment)

**TRIAL DATE:** 11/03/2011
(Date upon which sentence was imposed)

**JUDGE'S NAME:** RALPH BURGESS
(Judge presiding at trial)

**APPEAL NO.:** 06-12-00025-CR
(If applicable)

**CITATION TO OPINION:** -S.W.2d-
(If applicable)

**HEARING HELD:** _X_ YES ___ NO
(Pertaining to the application for writ of habeas corpus)

**FINDINGS & CONCULSION FILED:** ___ YES _X_ NO
(Pertaining to the application for writ of habeas corpus)

**RECOMMENDATION:** ___ GRANT ___ DENY _X_ NONE
(Trial court's recommendation regarding application for writ of habeas corpus)

**JUDGE'S NAME:** BILL MILLER
(Judge presiding over habeas corpus proceeding)

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

## INDEX

| | | |
|---|---|---|
| 1. | COURT'S DOCKET | 1 |
| 2. | DOCKET SHEET | 10 |
| 3. | SUPPLEMENTAL MEMORANDUM OF LAW | 12 |
| 4. | ORDER SETTING HEARING | 29 |
| 5. | ORDER RESCHEDULING HEARING | 30 |
| 6. | RECEIPT OF EXHIBITS | 32 |
| 7. | MOTION FOR EXTENSION OF TIME | 33 |
| 8. | CLERK'S CERTIFICATE | 35 |

# CASE SUMMARY
## CASE NO. 11F0763-005

| | | | |
|---|---|---|---|
| The State of Texas vs Stedmon Montrel Dewberry | § | Location: | **5th District Court** |
| | § | Judicial Officer: | **Burgess, Ralph K** |
| | § | Filed on: | **09/22/2011** |
| | § | Legacy Track Number: | **181691** |
| | § | Prosecutor Control Number: | **11-02814** |
| | § | | |

---

## CASE INFORMATION

**Offense**                                          **Deg**     **Date**        Case Type:   **Adult Felony**
1. MURDER                                            F1          08/28/2010
   TRN: 9028106804   TRS: D001
   *Filed As:* MURDER                                F1          9/21/2011
     Arrest:    08/29/2010

**Statistical Closures**
11/03/2011    NGP/J VERDICT

**Warrants**
Capias - DEWBERRY , STEDMON MONTREL
11/03/2011    12:00 AM    Recalled
09/30/2011    12:00 AM    Received
09/30/2011    12:00 AM    ACTIVE WARRANT
09/30/2011    12:00 AM    ACTIVE WARRANT
09/23/2011    12:00 AM    Issued
Fine: $0            Bond: $0
Notes:             11/03/2011    Issuing Department: TTPD
                   11/03/2011    By MPARKER from SHERIFF: RECALLED PER
                   STEVE GRAHAM
                   09/30/2011    Warrant Location: SO
                   09/30/2011    By MPARKER from SHERIFF: T10-07276 FILED:
                   DEWBERRY, STEDMON MONTREL
                   09/30/2011    Warrant Location: B
                   09/30/2011    NCIC Entered: C
                   09/30/2011    NCIC Entered: B
                   09/30/2011    State Entered 09-30-2011
                   09/30/2011    State Cleared 11-03-2011
                   09/30/2011    Indictment Number: 11F0763-005 Indictment Date:
                   09-22-2011

---

| **DATE** | **CASE ASSIGNMENT** | |
|---|---|---|

**Current Case Assignment**
| | |
|---|---|
| Case Number | 11F0763-005 |
| Court | 5th District Court |
| Date Assigned | 09/22/2011 |
| Judicial Officer | Burgess, Ralph K |

---

## PARTY INFORMATION

| | | ( | *Lead Attorneys* |
|---|---|---|---|
| **State** | **STATE OF TEXAS** | | |
| **Defendant** | 🖼️DEWBERRY , STEDMON MONTREL | | **HENRY, CRAIG L** |
| | | | *Retained* |
| | | | 903-792-4645(W) |

---

| **DATE** | **EVENTS & ORDERS OF THE COURT** | **INDEX** |
|---|---|---|
| 09/22/2011 | $FILE (Judicial Officer: Burgess, Ralph K )<br>*Event Code: $FILE Memo: Automatic File Date Event* | |

09/22/2011    COURT DOCKET (Judicial Officer: Burgess, Ralph K )
*Event Code: COUD*

09/22/2011    Filed by Indictment (OCA)
*Event Code: IND*

09/23/2011    CAPIAS ISSUED (Judicial Officer: Burgess, Ralph K )
*Event Code: KPS*

09/27/2011    Pre-Trial Reset
*Event Code: PRTR Memo: 10/31 @ 1:30P NB*

09/27/2011    Pre-Trial Reset
*Event Code: PRTR Memo: 10/4 @ 1:30P NB*

09/28/2011    Order to Appear
*Event Code: OA*

09/28/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

09/28/2011    Issue
*Event Code: ISS*

09/28/2011    Order to Appear
*Event Code: OA*

09/29/2011    Issue
*Event Code: ISS*

09/29/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/03/2011    SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )
*Event Code: SRS*

10/04/2011    Order to Appear
*Event Code: OA*

10/04/2011    PRE-TRIAL FINAL/RESET (Judicial Officer: Burgess, Ralph K )
*Event Code: PF Memo: 10/25*

10/07/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/07/2011    Issue
*Event Code: ISS*

10/07/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/07/2011    Issue
*Event Code: ISS*

| | |
|---|---|
| 10/07/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/07/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: SRS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |
| 10/12/2011 | APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: APPL/SUBP* |
| 10/12/2011 | Issue<br>*Event Code: ISS* |

10/17/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/17/2011    SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )
*Event Code: SRS*

10/17/2011    SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )
*Event Code: SRS*

10/18/2011    Issue
*Event Code: ISS*

10/19/2011    NOTICE (Judicial Officer: Burgess, Ralph K )
*Event Code: NOTICE Memo: EXPERTS*

10/19/2011    STATES NOTICE OF INTENT TO USE EXTRENOUS OFFENSES (Judicial Officer: Burgess, Ralph K )
*Event Code: NOI*

10/21/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/21/2011    Issue
*Event Code: ISS*

10/21/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP*

10/21/2011    Issue
*Event Code: ISS*

10/21/2011    BENCH WARRANT ISSUED (Judicial Officer: Burgess, Ralph K )
*Event Code: BENCH*

10/21/2011    STATES WITNESS LIST (Judicial Officer: Burgess, Ralph K )
*Event Code: SLOW*

10/25/2011    APPLICATION FOR SUBPOENA (Judicial Officer: Burgess, Ralph K )
*Event Code: APPL/SUBP Memo: DEFENDANT*

10/25/2011    ISS SUBPOENA(S) (Judicial Officer: Burgess, Ralph K )
*Event Code: ISS/SUBP*

10/25/2011    TRIAL DATE SET (Judicial Officer: Burgess, Ralph K )
*Event Code: TRIAL Memo: 11/1 @ 9A NB*

10/26/2011    Order to Appear
*Event Code: OA*

10/31/2011    MOTION IN LIMINE (Judicial Officer: Burgess, Ralph K )
*Event Code: MOT/IN/LIM*

*Printed on 09/16/2015 at 10:56 AM*

| | |
|---|---|
| 10/31/2011 | MOTION IN LIMINE (Judicial Officer: Burgess, Ralph K )<br>*Event Code: MOT/IN/LIM* |
| 10/31/2011 | SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: SRS* |
| 10/31/2011 | SUBPOENA RETURN SERVED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: SRS* |
| 11/01/2011 | ELECTION/PUNISHMENT BY THE JURY (Judicial Officer: Burgess, Ralph K )<br>*Event Code: ELECTION* |
| 11/01/2011 | Jury Sworn (OCA) (Judicial Officer: Burgess, Ralph K )<br>*Event Code: J/SWORN* |
| 11/01/2011 | JURY VOIR DIRE (Judicial Officer: Burgess, Ralph K )<br>*Event Code: J/VOIR DIRE* |
| 11/01/2011 | JURY PANEL LIST (Judicial Officer: Burgess, Ralph K )<br>*Event Code: JPL* |
| 11/01/2011 | JURORS SELECTED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: JUS* |
| 11/01/2011 | JURY SHUFFLE-1ST (Judicial Officer: Burgess, Ralph K )<br>*Event Code: JS1* |
| 11/03/2011 | CHARGE ON PUNISHMENT (Judicial Officer: Burgess, Ralph K )<br>*Event Code: PUNISHMENT/CH* |
| 11/03/2011 | CHARGE OF THE COURT (Judicial Officer: Burgess, Ralph K )<br>*Event Code: J/CHARGE* |
| 11/03/2011 | RECEIPT OF EXHIBITS (Judicial Officer: Burgess, Ralph K )<br>*Event Code: REE Memo: TRIAL EXHIBITS* |
| 11/03/2011 | **Disposition** (Judicial Officer: Burgess, Ralph K)<br>*Conf. Type: TDC (TEXAS DEPT CORRECTIONS) Conf. Length: 50Yrs Sentence Date: Nov 3 2011 12:00AM To Commence: Nov 3 2011 12:00AM Reporter: JR (JANA ATCHISON RUSHING) Jury Trial: Yes*<br>1. MURDER<br>    Not Guilty |
| 11/03/2011 | **Sentence** (Judicial Officer: Burgess, Ralph K)<br>1. MURDER<br>    Adult Sentence<br>    Confinement to Commence 11/03/2011<br>        50 Years , Texas Department of Criminal Justice, Texas Department of Criminal Justice |
| 11/18/2011 | ORDER FOR PAYMENT OF WITNESS EXPENSES |
| 11/30/2011 | CJIS FORM (Judicial Officer: Burgess, Ralph K )<br>*Event Code: CJIS* |

| | |
|---|---|
| 11/30/2011 | LETTER COMMITMENT PAPERS (Judicial Officer: Burgess, Ralph K )<br>*Event Code: LTR/CP* |
| 12/01/2011 | MOTION FOR NEW TRIAL (Judicial Officer: Burgess, Ralph K )<br>*Event Code: MO/NW/TRL* |
| 01/30/2012 | Notice of Appeal<br>*Transcript Due: Mar 2 2012 12:00AM Motion New Trial: Dec 1 2011 12:00AM Notice of Apppeal: Jan 30 2012 12:00AM Attorney: M.MOWLA (MICHAEL MOWLA) Active: No* |
| 01/30/2012 | Notice of Appeal |
| 01/31/2012 | C/DA/CR/COA (Judicial Officer: Burgess, Ralph K )<br>*Event Code: CDACRCOA* |
| 01/31/2012 | ORDER FOR ATTORNEY WITHDRAW (Judicial Officer: Burgess, Ralph K )<br>*Event Code: OGAW* |
| 01/31/2012 | ORDER TO APPOINT ATTORNEY ON APPEAL (Judicial Officer: Burgess, Ralph K )<br>*Event Code: ORAAA* |
| 01/31/2012 | AFFIDAVIT OF INDIGENCY (Judicial Officer: Burgess, Ralph K )<br>*Event Code: AOI* |
| 02/01/2012 | REQUEST REPORTER'S RECORD (Judicial Officer: Burgess, Ralph K )<br>*Event Code: RFRR* |
| 02/01/2012 | REQUEST CLERK'S RECORD (Judicial Officer: Burgess, Ralph K )<br>*Event Code: REQ/CR* |
| 02/03/2012 | LETTER COURT OF APPEALS NOTICE OF APPEAL RECEIVED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: LCOANR* |
| 02/07/2012 | EXHIBITS CHECKED OUT (Judicial Officer: Burgess, Ralph K )<br>*Event Code: EXC* |
| 02/07/2012 | Capias Returned Unserved<br>*Event Code: CU* |
| 02/17/2012 | EXHIBITS RETURNED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: EXRE* |
| 03/01/2012 | Clerks Record<br>*Event Code: CR* |
| 03/06/2012 | REQUEST REPORTER'S RECORD (Judicial Officer: Burgess, Ralph K )<br>*Event Code: RFRR* |
| 03/06/2012 | Trial Court Certificate<br>*Event Code: TCC* |

| | |
|---|---|
| 03/07/2012 | Trial Court Certificate<br>*Event Code: TCC* |
| 03/07/2012 | ORDER (Judicial Officer: Burgess, Ralph K )<br>*Event Code: ORDER Memo: GRANTING MOTION FOR FREE REPORTER'S RECORD &*<br>*CLERK'S RECORD* |
| 03/07/2012 | Clerks Record<br>*Event Code: CR Memo: 1ST SUPPLEMENTAL* |
| 03/07/2012 | COURT OF APPEALS LETTER (Judicial Officer: Burgess, Ralph K )<br>*Event Code: COAL* |
| 03/08/2012 | REPORTERS RECORD (Judicial Officer: Burgess, Ralph K )<br>*Event Code: RR Memo: VOL 1-5 ON CD AND VOL 6 A HARD COPY* |
| 03/09/2012 | CARD RECEIVED FROM COURT OF APPEALS (Judicial Officer: Burgess, Ralph K )<br>*Event Code: CARD* |
| 04/27/2012 | Grant/Approval<br>*Event Code: GRANT* |
| 04/30/2012 | C/C TO AUDITOR (Judicial Officer: Burgess, Ralph K )<br>*Event Code: CA* |
| 05/17/2012 | REPORTERS RECORD CHECKED OUT (Judicial Officer: Burgess, Ralph K )<br>*Event Code: RRC Memo: SENT VIA COURIER TO KRISTIAN YOUNG - DA'S OFFICE* |
| 09/07/2012 | COURT OF APPEALS OPINION (Judicial Officer: Burgess, Ralph K )<br>*Event Code: CTS OPINION* |
| 09/07/2012 | COURT OF APPEALS JUDGMENT AFFIRMED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: COAJA* |
| 09/10/2012 | REPORTERS RECORD RETURNED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: RRRE Memo: VOL 6 OF 6 RETURNED* |
| 03/15/2013 | MANDATE/AFFIRMED (Judicial Officer: Burgess, Ralph K )<br>*Event Code: MANA* |
| 05/13/2014 | HABEAS CORPUS POST CONVICTION<br>*(A) - Copy to Court and DA* |
| 05/13/2014 | MEMORANDUM OF LAW |
| 05/22/2014 | REPORTERS RECORD CHECKED OUT<br>*Leisa Pearlman* |
| 07/21/2014 | AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS |
| 07/21/2014 | MEMORANDUM OF LAW<br>*AMENDED* |

| | |
|---|---|
| 07/30/2014 | 🔲 MOTION<br>*TO RELEASE ITEMS FOR TESTING* |
| 07/31/2014 | 🔲 Order Setting Hearing<br>*8/29/14 9am NB* |
| 08/18/2014 | 🔲 Order Setting Hearing<br>*9/11/14 1:30pm NB* |
| 09/11/2014 | **Motion Hearing** (1:30 PM) (Judicial Officer: Burgess, Ralph K)<br>*DNA TESTING* |
| 09/23/2014 | 🔲 ORDER<br>*Order for Scientific Testing...sent certified copy to DA, Leisa Pearlman, Craig Henry, F. Clinton Broden* |
| 10/21/2014 | 🔲 ORDER<br>*for evidence to be handed over to TTPD and then to Forensic Ballistics in Ft Worth, Tx. for testing.* |
| 11/10/2014 | 🔲 EXHIBITS CHECKED OUT<br>*by Scott Lillis with TTPD - #66, 67, 68, 69, 70 and 71* |
| 03/02/2015 | REPORTERS RECORD RETURNED<br>*Becky brought back. Record was on Leslie's desk after Leisa left.* |
| 05/04/2015 | 🔲 Motion for Extension of Time |
| 05/12/2015 | 📄 Clerks Record |
| 05/12/2015 | 🔲 Clerks Record to CCA |
| 05/12/2015 | 🔲 LETTER CLERK RECORD MAILED<br>*F. Clinton Broden Attorney* |
| 06/18/2015 | 🔲 COURT OF CRIMINAL APPEALS ORDER/WRIT<br>*Supplemental to be mailed within 120 days* |
| 06/26/2015 | 🔲 MEMORANDUM OF LAW<br>*SUPPLEMENTAL-Copy to Court* |
| 08/03/2015 | 🔲 Order Setting Hearing<br>*on HABEAS CORPUS for 8/28/2015 9am NB* |
| 08/06/2015 | 🔲 HEARING RESET<br>*on HABEAS CORPUS for 9/11/2015 10am NB* |
| 08/28/2015 | **Hearing** (9:00 AM) (Judicial Officer: Miller, Bill)<br>*30 Minutes-Habeas* |
| 09/11/2015 | 🔲 Motion for Extension of Time |

| 09/11/2015 | RECEIPT OF EXHIBITS | |
| 09/11/2015 | **Hearing** (10:00 AM)  (Judicial Officer: Miller, Bill) | |
| | *30 Minutes-Hearing on Writ of Habeas Corpus* | |
| **DATE** | **FINANCIAL INFORMATION** | |

| **Defendant** DEWBERRY , STEDMON MONTREL | |
| Total Charges | 259.00 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of  9/16/2015** | **259.00** |

-11F0763-005          09/22/11

STATE OF TEXAS
VS
STEDMON MONTREL DEWBERRY

MURDER

| DATE OF ORDERS | ORDERS OF COURT |
| --- | --- |
| 9 27 11 | Def. waived Arraignment; NG plea entered; J. Arnold retained; Case set for trial Oct. 31, 2011; Final Pre-Trial set Tuesday Oct. 4, 2011 |
| 10 4 11 | Final Pre-Trial Hearing |
| 10 24 11 | Final Pre-Trial Hearing |
| 11 1 11 | Jury Panel Assembled; Oath Administered; Qualifications and Exemptions Made; Panel Seated in the Courtroom; Voir Dire; Challenges For Cause and Peremptory Strikes Made; Jury and Alternate Juror Seated and Oath of Office Administered; Jury Recessed For the Day; Case Recessed For the Day |
| 11 2 11 | Rule Excluding Witnesses Invoked; and Witnesses Sworn; Defendant Arraigned before the Jury; Pleaded Not Guilty; Opening Statements; State's Case in Chief; State Rested; Case Recessed For the Day; |

10

| DATE OF ORDERS | | | |
|---|---|---|---|
| MONTH | DATE | YEAR | ------------------- ORDERS OF THE COURT ------------------- |
| 11 | 3 | 11 | Resumed Trial; Defendant's Case in Chief; Defendant Rested; State's Rebuttal Case; State Rested and Closed; Charge Conference; Charge Read to the Jury; Closing Arguments; Jury Began Deliberating; Verdict Reached; Def. Found Guilty; Jury Polled and Jurors Acknowledged Verdict; Verdict Received; Punishment Phase; State's Punishment Case; State Rested; Defendant's Punishment Case; Defendant Rested, State Closed; Charge Conference; Charge Read to the Jury; Closing Arguments; Jury Began Deliberating; Verdict Reached; 50 Years TDC and No Fine; Jury Polled; Jurors Acknowledged Verdict; Verdict Received; Victim Impact Statement; Defendant Formally sentenced to 50 years TDC; CTS; remanded to custody |
| 9 | 11 | 14 | Hearing on Def's Motion For Ballistics Testing |
| 9 | 11 | 15 | Hearing on results of Ballistics And DNA test on bullets Additional DNA Testing ordered |
| | | | |
| | | | |
| | | | |

# BRODEN, MICKELSEN
# HELMS & SNIPES LLP

FILED FOR RECORD

2015 JUN 26 PM 1: 05

BILLY FOX
DISTRICT CLERK BOWIE CO. TX.

_____ DEPUTY

\* Board Certified, Criminal Law - Texas Board of Legal Specialization
\* Board Certified, Criminal Appellate Law - Texas Board of Legal Specialization

*A team approach to criminal defense*

F. Clinton Broden*

Mick Mickelsen*

John Helms

Michael Snipes

June 24, 2015

Bowie County District Clerk
710 James Bowie Drive
New Boston, Texas 75570-3512

Dear District Clerk:

Please find the original Supplemental Memorandum of Law in Support of Application for Writ of Habeas Corpus Pursuant to Tex. Code Crim. P. Art. 11.07.

I have also enclosed, along with a self-addressed, stamped envelope, one extra copy of each for file stamping.

If you have any questions or concerns please feel free to contact us at the number below. Thank you for your assistance.

Sincerely,

Sarah Klein
Legal Assistant

Enclosures (2)
Cc w/ Enclosure: Bowie County District Attorney's Office
710 James Bowie Drive
New Boston, Texas 75570-3512

No. 11F0763-005-A

FILED FOR RECORD

2015 JUN 26 PM 1: 05

BILLY FOX
DISTRICT CLERK BOWIE CO. TX

| EX PARTE | ) | 5th DISTRICT COURT |
|---|---|---|
| STEDMON DEWBERRY | ) | BOWIE COUNTY, TEXAS |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO TEX. CODE CRIM. P. ART. 11.07

## I. INTRODUCTION

As noted in Stedmond Dewberry's Memorandum of Law in Support of Application for Writ of Habeas Corpus Pursuant to Tex. Code Crim. P. Art. 11.07, the sole focus of the trial in this case was the question of who shot, Latasha Antwine. Was it Mr. Dewberry, as repeatedly argued by the State, or was it Brioni Dansby or Brandon Antwine?

In his Application, Mr. Dewberry argued, *inter. alia,* that he was denied effective assistance of counsel when his trial attorney failed to consult with, retain and call as a witness a ballistics expert. Indeed, Mr. Dewberry's trial counsel had submitted an affidavit stating that the only reason he did not retain a ballistics expert was because of cost. *See* Attachment 1.[1]

The United States Court of Appeals for the Fifth Circuit has held several times

---

[1]The Court of Criminal Appeals has made clear that an attorney can be found to be ineffective when he declines to hire an expert for economic reasons even if that attorney is retained. *See, e.g., Ex Parte Briggs,* 187 S.W.3d 458 (Tex. Crim. App. 2005).

13

that it can constitute deficient performance for a trial attorney to fail to consult with and present the testimony of a ballistics expert in a case such as this. *Williams v. Thaler*, 684 F.3d 597, 604 (5th Cir. 2012) ("It is uncontested here that trial counsel's performance fell below an objective standard of reasonableness. Williams's counsel failed to obtain any independent ballistics or forensics experts, and was therefore unable to offer any meaningful challenge to the findings and conclusions of the state's experts...."); *cert. denied*, 133 S.Ct. 866 (2013); *Draughon v. Dretke*, 427 F.3d 286, 295-97 (5th Cir. 2005) (State habeas court unreasonably applied settled federal law in holding that trial counsel had not been ineffective in failing to obtain forensic examination of path of fatal bullet.), *cert. denied*, 547 U.S. 1019 (2006); *Soffar v. Dretke*, 368 F.3d 441, 478-79 (5th Cir. 2004) (Trial counsel was found ineffective where he "failed to consult with a ballistics expert" even though the physical crime scene evidence was a key issue in the case).[2]

## II. RESULTS OF BALLISTIC/DNA TESTING

Over the State's objection, this Court ordered the release of all the ballistic evidence in this case for scientific testing. Included among the items released was a bullet fragment identified by the State in its crime scene investigation as CSE-2 and

---

[2]Likewise, the Court of Criminal Appeals has acknowledged that a trial attorney's failure to present the testimony of a ballistics expert could constitute ineffective assistance of counsel when it remanded a case for further factual development on this issue. *Ex parte Vargas*, 2006 WL 3086217 (Tex. Crim. App. Nov. 1, 2006).

2

at trial as State's Exhibit 66. Ballistics expert Richard Ernest was first able to determine that State's Exhibit 66 was a .40 caliber bullet. *See* Attachment 2. Mr. Ernest was able to remove biological material from this .40 caliber bullet. *Id.* This biological material was later sent to Cellmark Forensics for testing. *Id.* Although Cellmark did not have a sample of the DNA from the female victim in this case, Cellmark did confirm that the biological material from the .40 caliber bullet contained female DNA. *See* Attachment 3. Significantly, it was undisputed at trial that Mr. Dewberry was firing a 9mm weapon and *Brioni Dansby* was firing a .40 caliber weapon.[3] Moreover, the State actually argued in its closing that it was "common sense" that CSE-2/Exhibit 66 came from Dansby's gun. *See* November 3, 2011 Transcript at 50.

In light of this finding, Mr. Dewberry submits that his trial counsel did, in fact, afford him ineffective assistance of counsel because of his failure to undertake scientific testing of the ballistics evidence in this case. The knowledge that the .40 caliber bullet contained traces of female DNA raises "a reasonable probability" of a different result had this information been made known to the jury. *Strickland v.*

---

[3]Moreover, according to the State's crime scene diagram, this bullet was located between where Brioni was firing and where Mr. Dewberry was firing but it was located significantly closer to Mr. Dewberry further indicating it was shot by Brioni toward Mr. Dewberry.

3

*Washington*, 466 U.S. 668, 694 (1984).[4] Indeed, Mr. Dewberry submits that this knowledge alone is sufficient to undermine the confidence in the verdict and sentence in this case. Alternatively, it justifies a comparison of the victim's DNA, if available, to the DNA removed from Exhibit 66 and/or a ballistic comparison between State's

---

[4]*Strickland* defines a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *Strickland* itself expressly rejected an "outcome determinative standard" requiring the defendant to show that counsel's deficient conduct "more likely than not altered the outcome" of the case. *Strickland*, 466 U.S. at 693-94 (1984). Instead, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.* Thus, the "reasonable probability" standard — a probability sufficient to undermine confidence in the outcome — is a less onerous burden than even the preponderance of the evidence standard. *Strickland* makes this clear:

> *[W]e believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case.* This outcome-determinative standard has several strengths. It defines the relevant inquiry in a way familiar to courts, though the inquiry, as is inevitable, is anything but precise. The standard also reflects the profound importance of finality in criminal proceedings. Moreover, it comports with the widely used standard for assessing motions for new trial based on newly discovered evidence. See Brief for United States as Amicus Curiae 19-20, and nn. 10, 11. Nevertheless, the standard is not quite appropriate.
>
> Even when the specified attorney error results in the omission of certain evidence, the newly discovered evidence standard is not an apt source from which to draw a prejudice standard for ineffectiveness claims. The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged. An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower. *The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.*

*Id.* at 693-94 (citation omitted) (emphasis added).

4

Exhibit 66 and Dansby's .40 caliber gun.

Respectfully submitted,

F. Clinton Broden
Tx. Bar 24001495
Broden, Mickelsen, Helms & Snipes
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)

Attorney for Applicant
Stedmon Dewberry

5

## CERTIFICATE OF SERVICE

I, F. Clinton Broden, certify that, on June 24, 2015, I caused a copy of the above document to be served via first class mail, postage prepaid, on:

Bowie County District Attorney's Office
710 Bowie Drive
New Boston, Texas 75570-3512

F. Clinton Broden

6

18

# ATTACHMENT 1

## AFFIDAVIT OF JOHNNY P. ARNOLD

Johnny P. Arnold, being at least eighteen years of age, pursuant to Texas Civil Practice and Remedies Code § 132.001, deposes and states as follows:

1. I have been license to practice law in the State of Texas since 1977.

2. I was retained to represent Stedmon Dewberry against murder charges brought in the Fifth District Court in case number 11F0763-005

3. The simple fact is that the Dewberry family could not afford to hire a ballistics expert so I did not obtain an expert. I even had to cut my fee so they could afford to hire an appellate attorney.

My name is Johnny P. Arnold, my date of birth is November 11, 1949, and my address is 4015 N. Stateline Avenue, Texarkana, Texas 77503. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Bowie County, State of Texas, on the __15__ day May 2014



JOHNNY P. ARNOLD

SHANNA SUZANNE LUNSFORD
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
11-29-2016



20

# ATTACHMENT 2

ORIGINAL

No. _____

EX PARTE ) 5th DISTRICT COURT

)

STEDMON DEWEBERRY ) BOWIE COUNTY, TEXAS

)

## AFFIDAVIT OF RICHARD N. ERNEST

Richard N. Ernest, being at least eighteen years of age, deposes and states as follows:

1.    I am an expert in the field of forensic ballistics and the reconstruction of shooting scenes. I have been in this field since 1977 and have worked at the Georgia Bureau of Investigation and the Tarrant County Medical Examiner's Office. I am a member of several professional organizations and a Distinguished Member of the Association of Firearms & Toolmarks Examiners. I have authored several papers in these areas. I have worked on well over 10,000 firearms related cases including numerous cases involving shooting scene reconstructions. I have testified in state, federal and military courts throughout the nation and believe I have offered testimony in over 1,000 cases. My resume is attached to this affidavit.

2.    As per this Court's order, I was provided with what purported to be all bullets, bullet components and fragments related to this case. I was provided with seven items. I noted that it does not appear that I was provided CSE-15 which was allegedly a bullet found at the crime scene. Likewise, I was not provided CSE-13 which was described as a copper bullet jacket removed from a white Mercury Grand Marquis.

3.    Nevertheless, included in the material I received was a bullet identified by the State in its crime scene investigation as "CSE-2." CSE-2 was located in the vicinity of where Mr. Dewberry was alleged to have been standing during the incident in question. In my internal notes I refer to CSE-2 as Item 2A.

22

4.      Based upon my examination, I have concluded that CSE-2/Item 2A was fired from a .40 caliber weapon. My understanding is that it was undisputed that, during the incident, Mr. Dewberry was firing a 9mm weapon and Brioni Dansby was firing a .40 caliber weapon.

5.      I determined that the .40 caliber bullet identified as CSE-2/Item 2A contained trace evidence. I removed a sampling of this trace evidence and packaged it in an epp. tube and envelope and labeled the package Item 2B. At the direction of F. Clinton Broden I then sent Item 2B by overnight delivery to Cellmark Laboratories for further testing.

My name is Richard N. Ernest, my date of birth is _02/16/1951_, and my address

is _6058 E. LANCASTER AVE., FORT WORTH, TX 76112_. I

declare under penalty of perjury that the foregoing is true and correct.

Executed in _TARRANT_ County, State of _TEXAS_, on the _9th_

day April, 2015.

Richard N. Ernest

RICHARD N. ERNEST

State of _Texas_ County of _Tarrant_
Subscribed and sworn before me on _04/09/15_
(Date)

(Notary Signature)



# ATTACHMENT 3



**Cellmark**
**FORENSICS**
**∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙**
LabCorp Specialty Testing Group

13988 Diplomat Dr. Suite 100
Dallas TX 75234
Phone: 1-800-752-2774
Fax: 214-271-8322

# Report of Laboratory Examination

April 14, 2015
Supplemental - FR15-0025-A

F. Clinton Broden
Broden, Mickelsen, Helms & Snipes
2600 State Street
Dallas, TX 75204

**CELLMARK FORENSICS NO:** FR15-0025
**AGENCY CASE NO:**  2014-0423-CRD
**ADD'L AGENCY NO:**  N/A

## EXHIBITS

| Client Item | CF Item | Received | Item Description | PCR |
|---|---|---|---|---|
| 2014-0423-CRD-001-2B | FR15-0025-01 | 1/30/2015 | Trace Evidence | Y |

## RESULTS

DNA testing using the polymerase chain reaction (PCR) and the MiniFiler™ STR Amplification Kit was performed on Item 01. The loci tested and the results obtained for each tested sample are listed in Table 1 (see attachment).

DNA testing using the polymerase chain reaction (PCR) and the AmpFlSTR Identifiler Plus™ Amplification Kit was performed on Item 01. The loci tested and the results obtained for each tested sample are listed in Table 2 (see attachment).

This report supplements Cellmark Forensics' Laboratory Report FR15-0025 dated February 25, 2015.

## CONCLUSIONS

<u>FR15-0025-01.01.1</u>
The partial DNA profile obtained from the trace evidence is consistent with originating from an unknown female. Comparison to a reference sample(s) will be made upon request.

## DISPOSITION

In the absence of specific instruction, evidence will be returned to the submitting agency by Federal Express or another appropriate carrier.

## REVIEW

The results described in this report have been reviewed by the following individuals:

Analyst: _____

Jennifer L. Smith / Senior Forensic DNA Analyst

Technical
Reviewer: _____

Deanna D. Lankford / Associate Laboratory Director

Procedures used in the analysis of this case adhere to the Quality Assurance Standards for Forensic DNA Testing Laboratories. Cellmark Forensics is accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board. The results in this report relate only to the items tested.

April 14, 2015                          *Cellmark Forensics*                          2014-0423-CRD|                    FR15-0025-A

*Accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board - International*                    2 of 2₂₆



**Cellmark FORENSICS**
LabCorp Specialty Testing Group

# Report of Laboratory Examination

13988 Diplomat Dr. Suite 100
Dallas TX 75234
Phone: 1-800-752-2774
Fax: 214-271-8322

4/14/2015

## Supplemental - FR15-0025-A

**CELLMARK FORENSICS NO:** FR15-0025
**AGENCY CASE NO:** 2014-0423-CRD
**ADD'L AGENCY NO:** N/A

Table 1　　　　　　MiniFiler

| Sample Name | D13S317 | D7S820 | AMEL | D2S1338 | D21S11 | D16S539 | D18S51 | CSF1PO | FGA |
|---|---|---|---|---|---|---|---|---|---|
| Trace Evidence FR15-0025-01.01.1 2014-0423-CRD-001-2B | 11, 13 | 10~ | X~ | 24~ | 27, 29 | 11, 12 | 16, 18 | 11~ | 23~ |

X = Female
~ = Below stochastic threshold. Additional peak(s) may be present below limit of detection.

The results listed in the table do not depict intensity differences. Only alleles exceeding validated analysis threshold are included in table.

*Accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board - International*



# Report of Laboratory Examination

4/14/2015

## Supplemental - FR15-0025-A

**CELLMARK FORENSICS NO:** FR15-0025

**AGENCY CASE NO:** 2014-0423-CRD

**ADD'L AGENCY NO:** N/A

Table 2      **Identifiler Plus**

| Sample Name | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trace Evidence FR15-0025-01.01.1 2014-0423-CRD-001-2B | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR |

X = Female
NR = No Result

The results listed in the table do not depict intensity differences. Only alleles exceeding validated analysis threshold are included in table.

*Accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board - International*

FILED FOR RECORD

2015 AUG 10 PM 3: 31

No. 11F0763-005-A

STATE OF TEXAS

VS.

STEDMON DEWBERRY

IN THE DISTRICT COURT

5TH JUDICIAL DISTRICT

BOWIE COUNTY, TEXAS

## ORDER SETTING HEARING ON DEFENDANT'S
## WRIT OF HABEAS CORPUS

The Court is of the opinion that the Defendant is entitled to a hearing on his writ of habeas corpus. It is therefore ordered that a hearing is set for the 28th day of August, 2015 at 9:00 o'clock a.m. in the 5th Judicial District Courtroom located on the 2nd floor of the Bowie County Courthouse, New Boston, Texas.

Signed and entered on the 3rd day of August, 2015.

_____
Bill Miller, District Judge

29



# Craig L. Henry
## ATTORNEY AT LAW

FILED FOR RECORD

2015 AUG 17 AM 9: 11

DISTRICT CLERK BOWIE CO TX

_____DEPUTY

August 14, 2015

Billy Fox Branson
Bowie County District Clerk
Bowie County Courthouse
New Boston, Texas

      Re:    State of Texas vs. Stedmon Dewberry
              Cause No. 11F0763-005-A

Dear Billy:

      Enclosed herewith please find an original and one (1) copy of Order Rescheduling Hearing on Defendant's Writ of Habeas Corpus. Please file the original, affix your file stamp to the copy and return same to my office.

      By copy of this letter, I am serving a true and correct copy of the foregoing letter on Lauren Sutton, Assistant District Attorney for Bowie County via hand delivery – return receipt requested.

      Thank you for your attention in this regard. Should you have any questions or concerns, please don't hesitate to call.

                        Sincerely,

                        Craig L. Henry

CLH/kf
Enclosures
Cc: Lauren Sutton – hand delivery – return receipt requested

P.O. Box 3226 | 723 Main Street | Texarkana, Texas 75504-3226 | Phone: (903) 792-4645 | Fax: (903) 792-5073

Licensed in Texas, Arkansas & Oklahoma

No. 11F0763-005-A

FILED FOR RECORD

2015 AUG 17 AM 9: 11

STATE OF TEXAS

VS.

STEDMON DEWBERRY

IN THE DISTRICT COURT BOWIE CO TX

5TH JUDICIAL DISTRICT DEPUTY

BOWIE COUNTY, TEXAS

## ORDER RESCHEDULING HEARING ON DEFENDANT'S
## WRIT OF HABEAS CORPUS

The August 28th hearing previously set in this case is hereby reset for September 11, 2015 @ 10: 00 a.m. in the 5th Judicial District Courtroom located on the 2nd floor of the Bowie County Courthouse, New Boston, Texas.

Signed and entered on the 6th day of August 2015.

Bill Miller, District Judge

31

# RECEIPT FOR EXHIBITS - CCP. 2.21 & TRC 75a

## CAUSE NO. 11F 0763-005

The State of Texas

vs.

Stedmon Dewberry

§
§
§
§
§

IN THE DISTRICT COURT

FILED FOR RECORD
2015 SEP 11 PM 12: 27

5TH JUDICIAL DISTRICT

BILLY FOX
BOWIE COUNTY, TEXAS CLERK BOWIE CO. TX.

_____ DEPUTY

I, Leslie P. Bates, Court Reporter for the 5th District Court, do hereby tender for filing to Billy Fox Branson, District Clerk in and for Bowie County, Texas, the following exhibits in the above numbered and styled cause:

_____ Exhibits

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

Defendant's _____ Exhibits

1. _____
2. _____
3. _____
4. email from Cellmark
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

**Court Reporter**

I, Billy Fox Branson, District Clerk, do hereby acknowledge receipt of the above-listed exhibits in the above numbered and styled cause.

Dated this the 11th day of September, 2015.

**Billy Fox Branson, District Clerk**
**Bowie County, Texas**

By: _____, Deputy

FILED FOR RECORD

2015 SEP 11 PM 3: 15

No. WR-83,308-01

BILLY FOX
DISTRICT CLERK BOWIE CO. TX.

EX PARTE STEDMON DEWBERRY, Applicant

_____ Deputy

MOTION FOR EXTENSION OF TIME TO MAKE FINDINGS OF FACT AND
CONCLUSIONS OF LAW

TO THE HONORABLE JUDGES OF SAID COURT:

On or about May 13, 2014, Applicant, Stedmon Dewberry, filed a Writ of Habeas Corpus, followed by an Amended Writ of Habeas Corpus on July 21, 2014, asserting ineffective assistance of trial counsel. On or about July 30, 2014, Applicant filed a Motion to Release Items for Testing. The 5th District Court held a hearing on said Motion on September 11, 2014. Thereafter, on September 23, 2014, the Court entered an Order for Scientific Testing, and on October 21, 2014, the court entered an Order for evidence to be turned over to the Texarkana Police Department and then to Forensic Ballistics Consultant and Laboratory in Ft. Worth, Texas for testing and submission of a report. The Order further stated that upon the completion of testing, the evidence should be returned to the Texarkana Police Department by overnight delivery.

On or about June 18, 2015, the Court of Criminal Appeals entered an Order directing the District Court to make findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief within 90 days of the Order. The Order further stated that an extension of time shall be obtained from the Court.

On or about June 26, 2015, Applicant filed a Supplemental Memorandum of Law in support of Application for Writ of Habeas Corpus, attaching the Affidavit of his ballistics expert, and discussing the expert's findings. As a result of the ballistics testing performed by the expert, a hearing was held on September 11, 2015 to discuss the need for additional testing to determine

whether the biological matter allegedly found on a bullet matched the victim's DNA. The Court ordered that the State take possession of the bullet in question and attempt to secure additional DNA testing on the bullet or otherwise determine that no DNA matching the victim could be found absent exhuming the victim. The Court has ordered the State to present a preliminary determination to the Court within fourteen days of the September 11, 2015 hearing on (i) whether comparative DNA samples can be obtained and (ii) the time frame for conducting a comparative DNA analysis if sample can be obtained.

Accordingly, until it is determined whether DNA testing may be performed, and if so, until said testing is performed, the District Court cannot make findings of fact and conclusions of law as additional forensic analysis is required.

To further complicate matters, the Court ordered the District Court to order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Applicant's trial counsel is deceased, and therefore, an affidavit responding to Applicant's ineffective assistance of counsel claims cannot be obtained from trial counsel.

Therefore, the Court requests an extension of time to enter findings of facts and conclusions of law in connection with Applicant's Application for Writ of Habeas Corpus to and until a determination is made as to whether DNA testing can be performed, and if so, until such times as testing is performed, a report is prepared and the Court has an opportunity to evaluate said report and prepare its findings of fact and conclusions of law.

Signed this 11th day of September 2015.

Bill Miller, Judge
5th District Court of Bowie County

## CLERK'S CERTIFICATE

**THE STATE OF TEXAS**

**COUNTY OF BOWIE**

I, **BILLY FOX,** Clerk of the 5th District Court of Bowie County, Texas do hereby certify that the above and foregoing are true and correct copies of the originals as on file in my office.

**GIVEN UNDER MY HAND AND SEAL OF THE SAID COURT** at office in New Boston, Texas, this the on this the 16th day of September, 2015.

**BILLY FOX, DISTRICT CLERK**
**BOWIE COUNTY , TEXAS**

BY: _____
Lori Caraway, Supervisor
Criminal Department